1   MELINDA HAAG (SBN 132612)
    United States Attorney
2   ALEX TSE (SBN 152348)
    Chief, Civil Division
3   ABRAHAM A. SIMMONS (SBN 146400)
    Assistant United States Attorney
4
5       450 Golden Gate Avenue,9th Floor
        San Francisco, California 94102-3495
6       Telephone:    (415) 436-7264
        Facsimile:    (415) 436-6748
        Email:        abraham.simmons@usdoj.gov
7
    Attorneys for Federal Defendants
8
                    UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10
                         OAKLAND DIVISION
11
12  YOMAR CORTEZ VILLASANA,          )      No. C 12-5837 SBA
                                     )
13                 Plaintiff,        )
                                     )
14  v.                               )      SETTLEMENT AND RELEASE AND
                                     )      ORDER
15  CARL EDWARD KOPREK,              )
                                     )
16                 Defendant.        )
    _____ )
17
            It is hereby stipulated by and between the undersigned Plaintiff and the UNITED
18
    STATES OF AMERICA, by and through their respective attorneys, as follows:
19
            WHEREAS, Plaintiff filed the above-captioned action in Sam Mateo Superior Court on
20
    September 24, 2012 and the action was removed to the above-captioned court;
21
            WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy
22
    and to settle and compromise fully any and all claims and issues that have been raised, or could
23
    have been raised in this action, which have transpired prior to the execution of this Settlement
24
    Agreement ( "Agreement");
25
            NOW, THEREFORE, in consideration of the mutual promises contained in this
26
    Agreement, and other good and valuable consideration, receipt of which is hereby
27
    acknowledged, the Parties agree as follows:
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1.  **Agreement to Compromise Claims**.  The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Agreement.

2.  **Definition of "United States of America."**  As used in this Agreement, the United States of America shall include its current and former agents, servants, employees, and attorneys, as well as the Veteran's Administration, and/or its current and former agents, servants, employees, and attorneys.

3.  **Settlement Amount**.  The United States of America agrees to pay the sum of four thousand-five hundred dollars ($ 4,500.00) ("Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America.

4.  **Release**.  Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agrees to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.  Plaintiff and his guardians, heirs, executors, administrators or assigns further agrees to reimburse, indemnify and hold harmless the United States of America from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff

1   or his guardians, heirs, executors, administrators or assigns against any third party or against the
2   United States, including claims for wrongful death.

3       5. **Dismissal of Action**.  In consideration of the payment of the Settlement Amount and
4   the other terms of this Agreement, Plaintiff shall immediately upon execution of this Agreement
5   also execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A.  The
6   Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that
7   could have been asserted in this action.  The fully executed Stipulation of Dismissal will be held
8   by Defendant's attorney and will be filed within five (5) business days of receipt by Plaintiff's
9   attorney of the Settlement Amount.

10      6. **No Admission of Liability**.  This stipulation for compromise settlement is not
11  intended to be, and should not be construed as, an admission of liability or fault on the part of the
12  United States, and it is specifically denied that it is liable to the Plaintiff.  This settlement is
13  entered into by all parties for the purpose of compromising disputed claims and avoiding the
14  expenses and risks of further litigation.

15      7. **Parties Bear Their Own Costs and Attorneys Fees**.  It is also agreed, by and among
16  the parties, that the respective parties will each bear their own costs, fees, and expenses and that
17  any attorney's fees owed by the Plaintiff will be paid out of the Settlement Amount and not in
18  addition thereto.

19      8. **Authority**.  The persons signing this Agreement warrant and represent that they
20  possess full authority to bind the persons on whose behalf they are signing to the terms of the
21  settlement.

22      9. **Waiver of California Civil Code § 1542**.  The provisions of California Civil Code
23  Section 1542 are set forth below:

24          "A general release does not extend to claims which the creditor
25          does not know or suspect to exist in his or her favor at the time of
26          executing the release, which if known by him or her must have
27          materially affected his or her settlement with the debtor."

28

Settlement Agreement and Release
No. C 12-5837 SBA                    3

Plaintiff having been apprized of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

10.  **Payment by Check**.  Payment of the Settlement Amount will be made by check drawn on the Treasury of the United States for fouty-five hundred dollars ($ 4,500.00) and made payable to Yomar Cortez Villisana, Plaintiff.  The check will be mailed to Plaintiff at the following address: 183 Del Medio Avenue, Apt. 304, Mountain View, CA 94040.  Plaintiff has been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

11.  **Tax Liability.**  If any withholding or income tax liability is imposed upon Plaintiff based on payment of the Settlement Amount, Plaintiff shall be solely responsible for paying any such determined liability from any government agency.  Nothing in this Agreement constitutes an agreement by the United States of America concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

13.  **Construction**.  Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof.  For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

14.  **Severability**.  If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

1    15.  **Integration**.  This instrument shall constitute the entire Agreement between the

2    parties, and it is expressly understood and agreed that the Agreement has been freely and

3    voluntarily entered into by the parties hereto with the advice of counsel, who have explained the

4    legal effect of this Agreement.  The parties further acknowledge that no warranties or

5    representations have been made on any subject other than as set forth in this Agreement.  This

6    Agreement may not be altered, modified or otherwise changed in any respect except by writing,

7    duly executed by all of the parties or their authorized representatives.

8

9    DATED: 01/17/2013                    ___/s/ Yomar Cortez___
                                           Plaintiff

10

11                                        MELINDA HAAG
                                          United States Attorney

12

13   DATED: January 17, 2013              ___/s/ Abraham A. Simmons_____

14                                        ABRAHAM A. SIMMONS
                                          Assistant United States Attorney

15                                        Attorney for Defendant

16

17       PURSUANT TO STIPULATION, IT IS SO ORDERED.

18
     Dated: _1/18/13

19                                        _____Saundra B Armstrong_____
                                          HON. SAUNDRA BROWN ARMSTRONG

20                                        United States District Judge

21

22

23

24

25

26

27

28

Settlement Agreement and Release
No. C 12-5837 SBA              5

1 | UNITED STATES DISTRICT COURT
FOR THE
2 | NORTHERN DISTRICT OF CALIFORNIA

3

4 | YOMAR CORTEZ VILLASANA,                    Case Number: CV12-05837 SBA

      Plaintiff,                        **CERTIFICATE OF SERVICE**
5

6 |  v.

7 | CARL EDWARD KOPREK et al,

8 |      Defendant.                                /
  _____

9

10 | I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.

11 | That on January 18, 2013, I SERVED a true and correct copy(ies) of the attached, by placing
said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
12 | depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office.

13

14

15

16 | Yomar Cortez Villasana
183 Del Medio Avenue
17 | Mountain View, CA 94040

18 | Dated: January 18, 2013

19 |                                  Richard W. Wieking, Clerk
                                   By: Lisa Clark, Deputy Clerk

20

21

22

23

24

25

26

27

28

Settlement Agreement and Release
No. C 12-5837 SBA                    6